**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0637n.06

**No. 09-3557**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 04, 2010**

LEONARD GREEN, Clerk

MOUSTAPHA NDOUR AND LISE DIEYNAB )
SOLLY, )
           )
           Petitioners, )
           )
           v. )
           )
ERIC H. HOLDER, JR., Attorney General )
           )
           Respondent. )
           )

ON PETITION FOR REVIEW
OF THE BOARD OF
IMMIGRATION APPEALS.

BEFORE: MERRITT, ROGERS, and SUTTON, Circuit Judges.

ROGERS, Circuit Judge. Moustapha Ndour seeks review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen based on changed country circumstances.[1] The BIA

denied the motion as untimely, determining that Ndour had not demonstrated that he qualified for

the statutory exception to the filing deadline for a motion to reopen. Although Ndour's petition to

this court asks for review of the denial of the motion to reopen, his brief seeks relief only from the

much earlier decision of the immigration judge ("IJ"), as affirmed by the BIA. Because review of

the earlier BIA decision is untimely and that decision is not the subject of Ndour's petition, and

---

[1] Although both Ndour and Solly are petitioners, Solly's claim is derivative of Ndour's, and the briefs and opinions below refer only to Ndour with the understanding that the discussion encompasses derivative claims. This opinion follows this convention in order to be consistent with the record.

because Ndour has forfeited any claim that the BIA erred in denying the motion to reopen, there is no basis for granting the instant petition for review.

Moustapha Ndour is a native and citizen of Senegal. During the 1990s, Ndour lived in Bounkiling in Senegal's Casamance region, which was the site of violent rebel activity in the 1990s. According to his testimony before the immigration judge, Ndour began to provide financial support to a rebel group in 1993, under threats to his life and the lives of his wife and members of their extended families. (Ndour's application for asylum identifies the group only as rebels. The immigration judge concluded that Ndour was likely referring to the rebel group known as MFDC, which was active in the Casamance region during the period at issue.) In 1997, Ndour stopped providing contributions. In his application for asylum and withholding of removal, Ndour alleges he was persecuted by the rebels for failing to contribute and fears further persecution and torture if returned to Senegal.

On or about January 30, 2001, Ndour entered the United States on a non-immigrant visitor visa, which permitted him to remain in the country through July 29, 2001. Ndour remained in the United States beyond that date, however, and on January 23, 2004, the government served him with a Notice to Appear based on his visa overstay. On August 6, 2004, Ndour filed an application for asylum and withholding of removal. Ndour appeared for a hearing before an immigration judge in Detroit, Michigan on August 11, 2004, at which time he acknowledged removability based on his unauthorized presence in the United States but sought withholding of removal under both the Immigration and Nationality Act and the Convention Against Torture.

The IJ ruled on Ndour's petition on November 22, 2006. She found Ndour to be at least somewhat credible, but determined that he had not satisfied the requirements for withholding of removal under the statute or the Convention, and ordered him removed to Senegal. Ndour timely appealed the IJ's decision to the BIA. As part of his appeal, Ndour sought review of the IJ's determination that he did not meet the requirements for withholding of removal. On January 8, 2008, the BIA affirmed and adopted the IJ's decision. Ndour did not petition for review of the BIA's January 8, 2008 decision to this court.

On or about February 7, 2008, Ndour filed a motion for reconsideration with the BIA. The BIA denied this motion on June 20, 2008, concluding that Ndour had failed to establish any material error of fact or law in the January decision. Ndour did not seek review of the June 20, 2008 decision in this court.

On August 4, 2008, Ndour filed a motion to reopen with the BIA, claiming eligibility for asylum based on changed circumstances in Senegal. On April 15, 2009, the BIA dismissed Ndour's motion as untimely, saying he had not met the evidentiary burden required to file a motion to reopen outside of the ordinary 90-day time limit. On May 15, 2009, Ndour filed a petition for review of the BIA's denial of the motion to reopen in this court. Ndour's brief, however, makes no reference to the denial of the motion to reopen and does not address the topic of changed conditions in Senegal. In fact, the brief's procedural history section concludes with the January 8, 2008 BIA order affirming the IJ. The only issues identified in Ndour's brief relate to whether the IJ committed errors

in denying withholding of removal. Although the Government's brief pointed out these omissions, Ndour's counsel remarkably filed no reply brief.

This court's jurisdiction to review the BIA's denial of a motion to reopen is controlled by 8 U.S.C. § 1252. By its terms, the statute applies to final orders of removal, but it has been interpreted to include motions to reopen. *E.g.*, *Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009). Ndour timely sought review of the BIA's denial of the motion to reopen, and that decision is properly before this court.

Ndour's brief, however, asks this court to go beyond the most recent BIA opinion and examine the findings of the IJ, which were adopted by the BIA in January 2008. Yet the time to seek review of those findings has long since passed. Under 8 U.S.C. § 1252(b)(1), a petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal." What constitutes a "final" order of removal is addressed in the Code of Federal Regulations, which states that an immigration judge's order of removal "shall become final upon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1. Therefore, the IJ's order that Ndour be removed to Senegal became final on January 8, 2008, when the BIA dismissed Ndour's appeal, and Ndour's attempt to appeal that decision is clearly out of time.

Further, even if Ndour's appeal of the January 8, 2008 decision were not time-barred, this court would still be unable to consider it based on Ndour's own petition. Ndour's petition for review identifies only the BIA's April 15, 2009 denial of his motion to reopen as the basis for appeal. The petition does not mention the January 8, 2008 opinion. This court may not review a decision other

than that for which the petition for review was filed. *Mbaye v. Holder*, 369 F.App'x. 688, 692 (6th Cir. 2010). Because the order denying the motion to reopen is the only decision from which Ndour timely appealed, and the only decision referred to in his petition, only that decision is properly before this court.

Although Ndour's appeal of the BIA's denial of his motion to reopen is timely, his brief, filed by Ndour's attorney David C. Koelsch, does not acknowledge that decision, and instead focuses exclusively on earlier rulings in his case. Further, the brief does not assert or even allude to any arguments or facts about changed country conditions from which his objections to the denial of the motion to reopen can be discerned. Because Ndour's brief is completely devoid of reference to the BIA's denial of his motion to reopen, he has forfeited any assignment of error relating to that decision.

An appellant forfeits an issue where he fails to present it in his initial briefs. *E.g.*, *LoCoco v. Medical Sav. Ins. Co.*, 530 F.3d 442, 451 (6th Cir. 2010); *Carter v. Univ. of Toledo*, 349 F.3d 269, 272 (6th Cir. 2003); *Mbaye v. Holder*, 369 F. App'x 688, 693 (6th Cir. 2010). This court has at times considered claims that were not extensively developed in the briefs but were alluded to and could be more fully discerned from the record, *Mbaye*, 369 F. App'x at 694 n.4, but that is not the situation in this case. Here, Ndour has not just failed to develop his asserted claims.[2] Rather, he has completely ignored the existence of the BIA opinion denying his

---

[2] Even a bare assertion of claims without further development could constitute a forfeiture of those claims. *See, e.g.*, *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005); *U.S. v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999).

motion to reopen, which is the only proper subject of his appeal. Further, his brief does not at any point mention changed country conditions in Senegal that might give this court a basis for discerning his arguments relating to the motion to reopen. Ndour has therefore forfeited any claims of error in the BIA's ruling on his motion to reopen.

Because only the motion to reopen is before this court on appeal, and because Ndour has forfeited any claims relating to that motion, we deny the petition for review.